IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. DUNCAN, | No. C 12-6251 WHA (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS; VACATING DOCKET NO. 4; GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY; GRANTING PLAINTIFF'S MOTION TO AMEND; DIRECTING PLAINTIFF TO PAY FILING FEE |
| v. | |
| OFFICER SUSAN RAMIREZ; OFFICER BRENDMOEN, | |
| Defendants. | |
| | (Docket Nos. 10, 13, 14) |

## INTRODUCTION

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action pursuant to 42 U.S.C. 1983. He was granted leave to proceed in forma pauperis. Following a review of the complaint under 28 U.S.C. 1915(a), service was ordered and dispositive motions were scheduled. Defendants, Officer Susan Ramirez and Officer Brendmoen, have filed a motion to dismiss and to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. 1915(g). Plaintiff has filed an opposition and a motion to amend his complaint, and defendants have filed a reply brief. For the reasons discussed below, the motion to revoke in forma pauperis status and to amend the complaint are **GRANTED**. Plaintiff is granted 14 days in which to pay the filing fee or the case will be dismissed without prejudice. Defendants' motion to stay discovery is also **GRANTED**.

## ANALYSIS

Plaintiff's complaint is based on his allegation that, in December 2010, he chewed on a small piece of glass that was in the breakfast food served by defendants. While defendants

agreed to document the incident, they did not provide him another breakfast or necessary medical care. Plaintiff does not allege what injury, if any, he suffered from the incident.

Defendants argue that plaintiff's in forma pauperis status should be revoked and the case should be dismissed because plaintiff has three prior dismissals that qualify as "strikes" under 28 U.S.C. 1915(g). A prisoner may not bring a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Defendants bear the burden of establishing that Plaintiff has three or more qualifying dismissals under Section 1915(g) (or "strikes"), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. *Id.* at 1120.

Defendants request judicial notice of court records from three prior cases that plaintiff brought in federal court: (1) *Duncan v. Charney, et al.*, No. 2:12-cv-00475-UA-SH (C.D. Cal. Jan. 19, 2012); (2) *Duncan v. Porras, et al.*, No. 2:12-cv-02472-UA-SH (C.D. Cal. Mar. 22, 2012); and (3) *Duncan v. Charney, et al.*, No. 2:12-cv-04053-UA-SH (C.D. Cal. May 9, 2012). The request for judicial notice of these court records is **GRANTED**.

The court records show that the district court's dismissals of the first and third cases was based upon Plaintiff's failure to state a cognizable claim for relief. As such, these dismissals clearly qualify as "strikes." *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1121. The second case was dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), because it asserted claims that, if proven true, would call into the question the validity of plaintiff's state court conviction. When a case is dismissed under *Heck*, the complaint "fails to state a claim upon which relief

2

can be granted;" as such, the dismissal is a "strike" under Section 1915(g). *See Smith v. Veterans Admin.*, 636 F.3d 1306 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Consequently, plaintiff has suffered three "strikes" under Section 1915(g) . Moreover, plaintiff does not fall under the exception to Section 1915(g) for "imminent danger" because the incident alleged in the complaint, while dangerous, was a discrete incident that occurred and ended approximately two years before the complaint was filed. As such, it was no longer "imminent" when this case was filed. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1056-57 (9th Cir. 2007) (the danger must exist at the time the complaint is filed in order for the "imminent-danger" exception to apply).

Plaintiff argues that the dismissals cannot count as "strikes" because he did not know about Section 1915(g) when he filed those cases. There is no exception to Section 1915(g) based on ignorance of the statute, however. Plaintiff also argues that the dismissal in *Duncan v. Porras, et al.*, No. 2:12-cv-02472-UA-SH (C.D. Cal. Mar. 22, 2012), is not a "strike" because he will be able to bring his claim if his criminal conviction is overturned. While *Heck* dismissals do not bar claims from being pursued once the plaintiff's criminal conviction is overturned or otherwise invalidated, it is wholly speculative that plaintiff's conviction will ever be invalidated. More importantly, based on the authority and reasoning discussed above, dismissals under *Heck* count as "strikes" for purposes of Section 1915(g).

Plaintiff also seeks leave to amend the complaint to allege that the incident in the complaint placed him under "imminent danger." He may amend the complaint to make this allegation. *See* Fed. R. Civ. P. 15(a). However, simply alleging "imminent danger" does not mean that he is under "imminent danger" within the meaning of Section 1915(g). As explained above, the "imminent danger" exception applies to an ongoing danger as of the time the complaint is filed, which was not the case with the incident alleged in the complaint, even as amended.

Accordingly, plaintiff is barred from proceeding in forma pauperis under Section 1915(g). It is noted that this does not mean that plaintiff cannot pursue his claims. He may do

3

so if he pays the filing fee. He will be allowed an opportunity to pay the filing fee. If he does not pay the filing fee, then this case will be dismissed without prejudice to plaintiff filing his claims in a future case in which he does pay the filing fee.

## CONCLUSION

For the foregoing reasons,

Defendants' motion to revoke plaintiff's in forma pauperis status is **GRANTED**. Pursuant to 28 U.S.C. 1915(g), the order granting leave to proceed in forma pauperis (dkt. 4) is **VACATED**. Within **14 days** of the date this order is filed, plaintiff shall pay the full filing fee of $400 00. If he does not, this case will be dismissed without prejudice.

Plaintiff's motion for leave to amend the complaint is **GRANTED**. Defendants' motion to stay discovery is **GRANTED.** The stay will be lifted if and when plaintiff pays the filing fee.

**IT IS SO ORDERED.**

Dated: July  3 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE